```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  JACKSONVILLE DIVISION
```

ERIC JAMES WESLEY,

        Plaintiff,

v.                         Case No. 3:14-cv-180-J-34MCR

OFFICER A. BROWN,

        Defendant.

---

**ORDER**

**I. Status**

Plaintiff Eric James Wesley, an inmate of the Florida penal system who is proceeding in forma pauperis, initiated this action on February 12, 2014, by filing a pro se Civil Rights Complaint Form (Complaint; Doc. 1) under 42 U.S.C. § 1983. In the Complaint, Wesley names Allan W. Brown (Brown), a corrections officer at Columbia Correctional Institution Annex (CCIA), as the Defendant. He asserts that Brown violated his Eighth Amendment right to be free from cruel and unusual punishment when he used unnecessary and excessive force upon Wesley on November 9, 2013. As relief, Wesley seeks "any relief" that he is entitled to receive. Complaint at 6.

This cause is before the Court on Defendant Brown's Motion for Summary Judgment (Motion; Doc. 33).[1] The Court advised Plaintiff of the provisions of Federal Rule of Civil Procedure 56, notified him that the granting of a motion to dismiss or a motion for summary

---

[1] The Court will refer to the exhibits appended to Defendant's Motion as Def. Ex.

judgment would represent a final adjudication of this case which may foreclose subsequent litigation on the matter, and gave him an opportunity to respond to the Motion. See Summary Judgment Notice (Doc. 34); Order of Special Appointment; Directing Service of Process Upon Defendant; Notice to Plaintiff (Doc. 9) at 4-5, ¶ 11. Plaintiff did so, see Plaintiff's Response to Defendant['s] Motion for Summary Judgment (Response; Doc. 38),[2] and the Defendant's Motion is ripe for judicial review.

## II. Plaintiff's Allegations

In his verified Complaint,[3] Wesley alleges that, on November 9, 2013, while housed at CCIA, he was "summon[ed] away" from the visiting park to report to the shakedown room where an unknown officer strip searched him. Complaint at 5. He states the officer informed him that Defendant Brown and Officer Diaz had found a synthetic drug in his locker. Id. He asserts that he denied having anything in his locker that would justify punishment. Id. at 5-6. According to Wesley, an officer escorted him to the medical clinic for a pre-confinement physical assessment; Brown, who was in the

---

[2] The Court will refer to the exhibits appended to Plaintiff's Response as P. Ex.

[3] See Stallworth v. Tyson, 578 F. App'x 948, 950 (11th Cir. 2014) (citations omitted) ("The factual assertions that [Plaintiff] made in his amended complaint should have been given the same weight as an affidavit, because [Plaintiff] verified his complaint with an unsworn written declaration, made under penalty of perjury, and his complaint meets Rule 56's requirements for affidavits and sworn declarations.").

control booth when Wesley entered the medical clinic, escorted him to the assessment; and then returned him to the medical lobby after the examination. Id. at 6. Wesley alleges that when he asked Brown if one of his snitches had set him up, Brown got in front of him, "pointed his finger" in Wesley's face, and told Wesley "to shut the f--- up." Id. Wesley states that he immediately complied with Brown's directive, but Brown assaulted him "for no apparent reason." Id. Wesley describes Brown's assaultive behavior as follows.

> Officer A. Brown kneed me in my testicle then as I lean[ed] fo[r]ward he kneed me in my right side. In which I fell to the floor. While I was on the floor[,] Officer A. Brown kick[ed] me in the back of my head. When the pain subsided that unknown officer returned and told me to get up. While I painfully got up, I ask[ed] could I get some medical help[.] He said "no" and to just deal with it. I was then escorted to confinement. For the next two days, I was in pain, my testicles were swollen, and I urinated blood. My right side was slightly swollen and ... very sore and I had difficulty sleeping for the next 4 days. The kick I sustain[ed] to the back of the head cause[d] me severe migrain[e] headaches for a week.

Id.

### III. Summary Judgment Standard

The Eleventh Circuit set forth the summary judgment standard.

> Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The substantive law controls which facts are material and which are irrelevant. Raney v. Vinson Guard

Service, Inc., 120 F.3d 1192, 1196 (11th Cir. 1997). Typically, the nonmoving party may not rest upon only the allegations of his pleadings, but must set forth specific facts showing there is a genuine issue for trial. Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990). A pro se plaintiff's complaint, however, if verified under 28 U.S.C. § 1746, is equivalent to an affidavit, and thus may be viewed as evidence. See Murrell v. Bennett, 615 F.2d 306, 310 n.5 (5th Cir. 1980). Nevertheless, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge." Fed.R.Civ.P. 56(c)(4). "[A]ffidavits based, in part, upon information and belief, rather than personal knowledge, are insufficient to withstand a motion for summary judgment." Ellis v. England, 432 F.3d 1321, 1327 (11th Cir. 2005).

As we've emphasized, "[w]hen the moving party has carried its burden under Rule 56[], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts ... Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Unsupported, conclusory allegations that a plaintiff suffered a constitutionally cognizant injury are insufficient to withstand a motion for summary judgment. See Bennett v. Parker, 898 F.2d 1530, 1532–34 (11th Cir. 1990) (discounting inmate's claim as a conclusory allegation of serious injury that was unsupported by any physical evidence, medical records, or the corroborating testimony of witnesses). Moreover, "[w]hen opposing parties tell two

4

> different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007).

Howard v. Memnon, 572 F. App'x 692, 694-95 (11th Cir. 2014) (per curiam) (footnote omitted).

At the summary judgment stage, the Court assumes all facts in the light most favorable to Plaintiff, as the non-moving party, and draws all inferences in Plaintiff's favor. See McKinney v. Sheriff, 520 F. App'x 903, 905 (11th Cir. 2013) (per curiam). Summary judgment is appropriate only when, under Wesley's version of the facts, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Felio v. Hyatt, 639 F. App'x 604, 606 (11th Cir. 2016) (per curiam) (internal quotations and citation omitted). Therefore, summary judgment would be properly entered in favor of Defendant Brown where no genuine issue of material fact exists as to whether Wesley's federal constitutional rights were violated.

### IV. Defendant Brown's Motion

In his Motion, Defendant Brown asserts that the Court should grant summary judgment in his favor because: (1) Wesley's claims "are only supported by his own self-serving testimony," and the "complete absence of any documentary evidence supports Defendant Brown's position" that there was no physical altercation between

Wesley and Brown, Motion at 5, and (2) Wesley cannot recover compensatory or punitive damages because there is no documented medical evidence that Wesley suffered any physical injury, see id. at 5-8. Defendant Brown submitted the following exhibits in support of the Motion: Def. Exs. A, Corrections Offender Network, Inmate Population Information Detail, Eric J. Wesley, Inmate No. 999537; B, Disciplinary Report (DR) for Possession of Stimulants, Log No. 251-132145, November 9, 2013 violation date, written on December 17, 2013 by J. Diaz-Castro; C, Request for Administrative Remedy or Appeal to Warden, Log No. 1311-251-118, dated November 17, 2013, and Response, dated November 27, 2013; D, Declaration of Allan Brown (Brown's Declaration), dated August 15, 2016; E, Declaration of Debbie Pittman, dated August 16, 2016; Declaration of Lawanda Sanders, dated August 23, 2016; Florida Department of Corrections (FDOC), Inmate Grievance Appeals Records Listing; F, excerpts of a video-recorded deposition of Eric J. Wesley (Wesley's Deposition), dated March 2, 2016; G, Declaration of Albert Carl Maier, M.D., J.D. (Maier's Declaration), dated August 11, 2016; H, Declaration of Valerie Jordan, dated August 24, 2016, with attached FDOC Daily Security Roster for Saturday, November 9, 2013; and I, Request for Administrative Remedy or Appeal to the FDOC Secretary, Log No. 13-6-39898, dated December 4, 2013.

**V. Plaintiff's Response**

In Wesley's Response, he asserts that there remains a genuine issue of material fact and submitted the following exhibits in support of his position: P. Exs. A, Declaration of Eric J. Wesley (Wesley's Declaration), dated October 31, 2016; B, FDOC's Response to Wesley's grievance appeal, Log No. 14-6-00408, dated January 14, 2014;[4] C, FDOC's grievance rules; DR, Log No. 251-132145, written on December 17, 2013; and DR, Log No. 251-131976, written on November 9, 2013; D, Request for Administrative Remedy or Appeal to the FDOC Secretary, Log No. 14-6-00408, dated December 27, 2013; E, Memorandum of Law; F, Brown and Jordan's Declarations, with attached FDOC Daily Security Roster for November 9, 2013; and G, excerpts of Wesley's Deposition.

Wesley argues that the factual assertions in his Declaration, see P. Ex. A, grievance, see P. Ex. D, and deposition, see P. Ex. G, contradict Brown's account of what transpired that day, see Response at 1, 5. He explains that he challenged the November 9, 2013 DR, but did not include any assertions relating to the alleged assault because the FDOC rules, see P. Ex. C, prohibit the inclusion of more than one issue in a grievance. Additionally, he states that when he later grieved the alleged assault, see P. Ex. D, he notified the Central Office that he had previously filed

---

[4] The grievance response was mistakenly dated January 14, 2013; however, the FDOC Inmate Grievance Appeals department filed the response on January 16, 2014. See P. Ex. B.

informal and formal grievances on November 12th and 26th, but he never received responses from FDOC's institutional level, see Response at 1-2. As to Brown's assertion that there is no documented record of any physical injuries resulting from the alleged assault, Wesley asserts that he sought medical help, but an escort officer denied him assistance. See id. at 2. With respect to Brown's assertion that there is no available documentation that he was ever posted in the medical clinic on November 9, 2013, see Def. Ex. H, Wesley asserts that the FDOC Daily Security Roster for November 9, 2013, shows that Brown was neither assigned to the medical clinic nor S dormitory (where he and Officer Diaz-Castro conducted a random search) that day, see Response at 3.

## VI. Law and Conclusions

In his verified Complaint, Wesley asserts that Brown assaulted him on November 9, 2013, "for no apparent reason" in the lobby of the medical clinic. Complaint at 6. He states that Brown kneed him in his testicle and his right side, and kicked the back of his head after he fell to the floor. In a declaration in support of his Motion, Brown states in pertinent part:

> I have been employed with the Florida Department of Corrections ("FDC") since August 2007. Currently, I am employed at Columbia Correctional Institution Annex, located in Lake City, Florida, where I am a sergeant.
>
> I am aware that inmate Eric James Wesley, DC #999537, has filed a lawsuit claiming that he was injured by me on November 9, 2013. Specifically, Mr. Wesley claims that he was

8

> kneed in the groin and side, and then kicked in the back of his head. These allegations are completely false, as I have never used force on Mr. Wesley. I am not sure why Mr. Wesley has fabricated these allegations against me, although I suppose he may be upset because myself and another officer located stimulants in Wesley's locker earlier that day, and issued him a disciplinary report.
>
> There is no documentation of any force used on Mr. Wesley on November 9, 2013, because no force was used on him that day. At no point did I punch, kick, or otherwise assault Mr. Wesley. If any force was used on Wesley that day, no matter how significant, I would have had to file an incident report, recounting the circumstances necessitating force, the type and amount of force used, and any resulting injuries. I did not create an incident report because there was no use of force incident to report.

Brown's Declaration (enumeration omitted). In responding to Brown's Motion, Wesley submitted his October 31, 2016 declaration and described Brown's alleged assaultive behavior. See Wesley's Declaration at 2. His account of the facts in his declaration mirrors his December 27, 2013 grievance to the FDOC Secretary, see P. Ex. D, February 2014 Complaint (Doc. 1), and March 2, 2016 deposition, see P. Ex. G. At the deposition, Wesley affirmed that the alleged assault consisted of: one knee to his testicles, one knee in his right side, and one kick to the back of the head. See Wesley's Deposition at 28-29. According to Wesley, no one saw the alleged assault because he and Brown were alone in the medical clinic lobby; an escort officer walked back into the lobby after the alleged assault. See id. at 28.

With respect to the appropriate analysis in an excessive use of force case, the Eleventh Circuit has explained.

> [O]ur core inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992). In determining whether force was applied maliciously and sadistically, we look to five factors: "(1) the extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the threat to the safety of staff and inmates[, as reasonably perceived by the responsible officials on the basis of facts known to them]..." Campbell v. Sikes, 169 F.3d 1353, 1375 (11th Cir. 1999) (quotations omitted).[5] However, "[t]he Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Hudson, 112 S.Ct. at 1000 (quotations omitted).

McKinney, 520 F. App'x at 905; Howard, 572 F. App'x at 695 ("Courts examine the facts as reasonably perceived by the defendants on the basis of the facts known to them at the time.") (citation omitted).

Upon review of the record, it appears that the Motion is due to be denied. Wesley and Defendant Brown disagree as to whether Brown used force that day. The parties present markedly different accounts about what transpired and submitted contrasting

---

[5] See Whitley v. Albers, 475 U.S. 312, 321 (1986).

declarations and documents to support their respective positions.[6] Wesley asserts that Brown's alleged assaultive behavior was unnecessary and involved kicking and kneeing. In contrast, Brown states he "never used force" on Wesley, and that Wesley fabricated the allegations because he may have been upset about the DR. See Brown's Declaration. Undoubtedly, there is a genuine issue of material fact as to whether Brown used force, and if so, whether he used force in a good-faith effort to maintain or restore discipline, or applied it maliciously and sadistically to cause harm.

The United States Supreme Court has acknowledged that the extent of the injury is a factor that may provide some evidence of the amount of force applied and whether the use of force was necessary under the specified circumstances.

> This is not to say that the "absence of serious injury" is irrelevant to the Eighth Amendment inquiry. Id. at 7, 112 S.Ct. 995.[7] "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the

---

[6] The Court expresses no view as to the persuasiveness of either party's evidence, but notes that credibility considerations of competing affidavits and supporting materials are inappropriate on summary judgment as long as such evidence is neither "unrealistic to believe" nor contrary to the laws of nature. Reid v. Sec'y, Fla. Dep't of Corr., 486 F. App'x 848, 852 (11th Cir. 2012) (per curiam) ("[F]or purposes of summary judgment, there is nothing inherently wrong with 'self-serving testimony,' and it may not be disregarded by the district court in determining whether there is a genuine dispute of fact on a material issue in the case.").

[7] Hudson v. McMillian, 503 U.S. 1 (1992).

> use of force could plausibly have been thought necessary' in a particular situation." Ibid.(quoting Whitley, 475 U.S. at 321, 106 S.Ct. 1078).[8] The extent of injury may also provide some indication of the amount of force applied. . . .
>
> Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury. . . .

Wilkins v. Gaddy, 559 U.S. 34, 37-38 (2010) (per curiam). However, a court ultimately should decide an excessive force claim based on the nature of the force rather than the extent of the injury. Id. at 38; see Pearson v. Taylor, No. 14-15459, 2016 WL 7367785, at *6 (11th Cir. Dec. 20, 2016) ("[Our inquiry is not whether [the plaintiff] met a certain arbitrary injury requirement, but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm'") (citing Wilkins, 559 U.S. at 37).

Wesley asserts that he suffered: pain for two days; swollen testicles; blood in his urine; a very sore and slightly-swollen right side; sleep difficulties for four days; and severe migraine headaches for a week. See Wesley's Declaration at 2; Complaint at 6. Dr. Maier states that he reviewed Wesley's medical records, from January 2010 through January 2016, and determined that there is

---

[8] Whitley v. Albers, 475 U.S. 312 (1986).

neither documentation of Wesley's injuries nor any complaints by Wesley of such injuries. See Maier's Declaration, ¶ 3. He explains in pertinent part:

> The entire record is devoid of any report, complaint, or mention of any sort of injury or medical treatment stemming from an incident on November 9, 2013. However, there was a document from November 9, 2013, which is lacking any notation of injury and specifically states that no force was used on Wesley. (See attachment)[9]

Id. According to Wesley, Brown "just disappeared" after his alleged assaultive behavior, Wesley's Deposition at 29; Wesley asked the escort officer for medical attention, but he denied Wesley treatment for the injuries and told him to "just deal with it," see id.; Wesley's Declaration at 2. Thus, while Defendant Brown asserts that there is no record of Wesley's injuries stemming from the incident, Wesley offers an explanation as to why there is no medical documentation of such injuries. To the extent Wesley's assertions concerning the severity of the beating and the claim of multiple injuries may be perceived as exaggerated and unsupported by any medical records, at this stage of the proceedings, the Court is unwilling to wholly discredit Wesley's version of the events. Undoubtedly, Wesley has consistently given a similar account of what transpired that day with a corresponding self-diagnosis of the resulting injuries. Because a genuine dispute of material fact

---

[9] Defendant Brown did not provide the attachment.

exists concerning whether Brown caused Wesley's injuries, and, if so, whether such injuries were de minimis, summary judgment is not appropriate on the issue of Wesley's entitlement to compensatory and punitive damages.

The parties offer significantly different accounts of Brown's encounter with Wesley on November 9, 2013, the existence and extent of Wesley's injuries, and the motivation for either Brown's use of force or Wesley's fabricated allegations. On this record, the Court concludes that there remain genuine issues of material fact with respect to Wesley's Eighth Amendment claim against Defendant Brown that prevent the entry of summary judgment, and, as such, Defendant's Motion for Summary Judgment (Doc. 33) is due to be denied.

As the Court is of the view that there remain genuine issues of material fact with respect to Wesley's Eighth Amendment claim and that the issues and parties' positions are fairly straightforward, the Court will refer the case to the assigned Magistrate Judge for a settlement conference, at which Wesley will proceed on his own without the assistance of counsel. If the parties are able to settle this matter privately, they must notify the Court.

Therefore, it is now

**ORDERED:**

1. Defendant's Motion for Summary Judgment (Doc. 33) is **DENIED**.

2. The Court refers this case to The Honorable Monte C. Richardson, United States Magistrate Judge, to conduct whatever settlement efforts may be necessary. Defendant's counsel must contact Judge Richardson's chambers within ten days to arrange a date and time for a settlement conference to be conducted in February 2017.

**DONE AND ORDERED** at Jacksonville, Florida, this 12th day of January, 2017.

MARCIA MORALES HOWARD
United States District Judge

sc 1/5
c:
Eric James Wesley, FDOC # 999537
Ass't Attorney General (Vitale)

15